## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Commonwealth of Virginia

v.

George A. Robinson

May 3, 1984

Case No. F-6934

By JUDGE ALBERT H. GRENADIER

The defendant, by counsel, has filed a motion for a protective order requiring the Commonwealth to file its responses to the defendant's motions for discovery and inspection, bill of particulars and exculpatory evidence, as previously ordered by the Court, under seal and further requiring that the Commonwealth and the Clerk not disclose the contents of the Commonwealth's responses to anyone other than the defendant or his counsel until such time as the contents of said responses are offered into evidence at the trial of this case.

The defendant argues that the raw fruits of discovery do not become part of the public record until introduced or proffered as evidence in open court. The Commonwealth, while stating it has no objection to the motion, nevertheless asserts that the bill of particulars must be filed in the court file and thus made a part of the public record, and that applicable case law preponderates in favor of public access to discovery materials when filed. The Washington Post, which has intervened in this case, and the Journal Newspapers, which has sought leave to intervene, both argue that the public has a right of access

to these discovery materials and that under the circumstances of this case no part of the record should be sealed.

Based upon the holdings in *Columbia Broadcasting Systems, Inc.* v. *U. S. District Court for the Central District of California*, No. 83-7790, U.S. Court of Appeals, 9th Cir., decided April 6, 1984; *Nebraska Press Association* v. *Stuart*, 427 U.S. 539 (1979); *Warner Communications* v. *Nixon*, 435 U.S. 589, 597-99 (1978); *Associated Press* v. *U. S. District Court*, 705 F.2d 1143, 1146 (9th Cir. 1983); and *Hackman* v. *Commonwealth*, 220 Va. 710 (1980), the Court is of the opinion that in order to seal the record or restrain the freedom of press coverage the pre-trial publicity must be so pervasive that twelve jurors could not be found who would, under proper instructions, be able to fulfill their sworn duty as jurors. In *Nixon* the court points out that *voir dire* is an appropriate alternative to sealing court documents.

Although this case has received extensive pretrial publicity in this community the Court is not satisfied that further publicity would so distort the views of prospective jurors so as to make it impossible to seat a jury. Therefore, with respect to all documents and pleadings in the court's file the public and media are entitled to full access and they may publish what they deem appropriate with regard to such documents.

Under Rule 3A:8 of the Rules of Court the court may direct the filing of a bill of particulars at any time before trial. The Court is of the opinion that a bill of particulars *must* be filed in the court's file and upon filing becomes a public record, access to which cannot be denied to the members of the public or the media.

Rule 3A:14 of the Rules of Court provides that upon written motion of the accused the court shall order the Commonwealth's Attorney to permit the accused to inspect and copy or photograph certain documents. The rule further provides that the order granting discovery under this rule shall specify the time, place and manner of making the discovery and inspection permitted. The rule also provides that upon a sufficient showing the court may at any time order that the discovery or inspection be denied, restricted

or deferred, or make such order as is appropriate. The Court presumes that it is under this latter provision that the defendant requests a sealing of the court's file.

Rule 3A:14 does not require the Commonwealth to file any documents in the court's file. The rule merely authorizes the court, upon written motion, to permit the defendant to inspect, copy or photograph documents. There is no particular need for the court to have copies of what is inspected, copied or photographed unless there is some allegation that documents have been withheld. To eliminate the possibility of such allegations, the Commonwealth's Attorney has traditionally filed the requested documents in the court's file.

The Court is of the opinion, however, that the Rules of Court do not mandate the filing of any documents in the court's file pursuant to Rule 3A:14. In the absence of such filing the public has no right of access to them until they are presented at trial. To permit the public and the media access to unfiled documents would be equivalent to authorizing the public to have complete access to the Commonwealth's Attorney's file. This would, of course, be an absurd result.

In summary, the Court holds that: (1) the bill of particulars must be filed and when filed is a public record to which the public and the media shall have full access; (2) as to all matters in the court's file the public and the media shall have full access; and (3) under Rule 3A:14 there is no requirement that discovery materials be filed and if not filed are not subject to access by either the public or the media.